UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL B. CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 16-0764 (RJL) |
| ) | |
| OFFICE OF FEDERAL CONTRACT ) | |
| COMPLIANCE PROGRAMS, UNITED ) | |
| STATES DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

FILED
JAN 27 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(January 26, 2017) [Dkt. #3, #5, #6]

Daniel B. Carroll ("plaintiff" or "Carroll") brings this action *pro se* against the U.S. Department of Labor's Office of Federal Contract Compliance Programs ("defendant" or "OFCCP"), seeking a declaratory judgment ordering the agency to initiate enforcement proceedings against his former employer, Vinnell Arabia LLC, for alleged employment discrimination. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") [Dkt. #3].[1] Upon consideration of the pleadings, relevant law, and the record herein, defendant's Motion is GRANTED.

---

[1] Plaintiff believes defendant's Motion is untimely, and on that basis, moves to strike the Motion and for entry of default judgment. Pl.'s Mot. to Strike Def.'s Mot. to Dismiss [Dkt. #6]; Pl.'s Mot. for Entry of Default J. [Dkt. #5]. Plaintiff is mistaken. The date of service stamped on the summons is May 10, 2016. Decl. of Reginald D. Rowan ¶ 2 [Dkt. #7-1]. Defendant's Motion was filed on July 11, 2016, and therefore is timely. *See* Fed. R. Civ. P. 6(a)(1), 12(a)(2).

## BACKGROUND

Carroll seeks enforcement of Executive Order 11246. Compl. ¶¶ 2–3 [Dkt. #1]. The Order charges the Secretary of Labor with ensuring that federal contractors "will not discriminate against any employee or applicant for employment because of race, creed, color, sex, sexual orientation, gender identity, or national origin." 30 Fed. Reg. 12319, 12320 (Sept. 24, 1965), *as amended by* Exec. Order No. 13672, 79 Fed. Reg. 42971 (July 21, 2014). The Secretary in turn has promulgated regulations tasking OFCCP with carrying out the responsibilities assigned to him by the Executive Order. 41 C.F.R. § 60–1.2. These regulations provide that when OFCCP has reasonable cause to believe that a federal contractor has violated the Executive Order, OFCCP "may issue a notice requiring the contractor to show cause" why enforcement proceedings are not warranted. *Id.* § 60–1.28. If the contractor's response is unsatisfactory, OFCCP may refer the matter "to the Solicitor of Labor with a recommendation for the institution of administrative enforcement

---

In addition, plaintiff asserts that defendant's Motion should be struck because OFCCP did not file a certified list of the contents of the administrative record as directed by Local Rule 7(n). Pl.'s Mot. to Strike 2; Pl.'s Supp. to Mot. to Strike Def.'s Mot. to Dismiss 2–3 [Dkt. #12]. Plaintiff does not cite any authority for the proposition that the failure to include a certified list is grounds for striking a motion to dismiss. Nor should that result obtain here. The requirement for a certified list "is intended to assist the Court in cases involving a voluminous record." LCvR 7(n) cmt. This case does not involve such a record; indeed, the relevant excerpts consist of just nine pages that are appended to the complaint. *See* Docs. App'd to Compl. [Dkt. #1, at 20–28]. Upon review of these documents, the Court finds that they are sufficient for determining whether the complaint states a claim upon which relief can be granted. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997). The Court therefore holds that the omission of a certified list "is immaterial" to resolution of defendant's Motion. *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving compliance with LCvR 7(n) and dismissing complaint). The Court will deny plaintiff's motions to strike and for entry of default judgment.

proceedings, which may be brought to enjoin violations, to seek appropriate relief, and to impose appropriate sanctions." *Id.* § 60–1.26(b)(1).

On May 15, 2013, Carroll filed a charge of discrimination with another federal agency, the U.S. Equal Employment Opportunity Commission ("EEOC"), asserting that his former employer, Vinnell Arabia LLC, a subsidiary of Northrop Grumman Corporation, denied him a promotion to senior accountant because he is white and Jewish. Vinnell Arabia denied the allegations on the merits, but declined to provide documentation for its position on the ground that the EEOC lacked jurisdiction because Vinnell Arabia is a foreign company and the alleged discrimination occurred in a foreign country. On February 12, 2015, the EEOC's Jackson Area Office issued a Determination. That order did not address Vinnell Arabia's jurisdictional argument, but nevertheless found that the "absence of evidence" resulting from the company's lack of production entitled Carroll "to the presumption that documents would have shown that he was discriminated against." *Carroll v. Vinnell Arabia LLC*, Charge No. 423-2013-01326 (EEOC JAO 2015) [Dkt. #1, at 25]. Shortly thereafter, the agency issued Carroll a Notice of Right to Sue under Title VII of the Civil Rights Act. Compl. ¶¶ 40, 43–44.

Carroll did not bring suit in federal court. Instead, he forwarded EEOC's Determination to OFCCP and requested that OFCCP sanction Vinnell Arabia for "exhibit[ing] appallingly bad faith with the EEOC." *Id.* ¶ 5. In a letter dated July 16, 2015, the agency notified Carroll that "OFCCP cannot intervene in a matter that has been investigated by EEOC." Letter from Marika Litras, Dir., Div. of Program Operations, OFCCP, to Daniel B. Carroll (July 16, 2015) [Dkt. #1, at 20]. In response to further

3

correspondence from Carroll, OFCCP issued a second letter reiterating its decision not to intervene, explaining that it had "reviewed the charge you filed with EEOC and the findings of the investigation and determined that there is no basis for OFCCP to seek sanctions against your former employer for discrimination." Letter from Marika Litras, Dir., Div. of Program Operations, OFCCP, to Daniel B. Carroll (Mar. 1, 2016) [Dkt #1, at 21]. The letter advised Carroll that the Notice of Right to Sue issued by the EEOC provided him with an opportunity for a hearing before a court pursuant to Title VII.

Rather than pursue a Title VII claim, Carroll filed this lawsuit to compel OFCCP to enforce Executive Order 11246 against Vinnell Arabia. The gravamen of the complaint is that Carroll is entitled to a declaratory judgment under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–706, directing OFCCP to issue a notice to Vinnell Arabia requiring it to show cause why enforcement proceedings are not warranted, and directing OFCCP to "devote good faith" to considering sanctions against the company. Compl. ¶ 66. The complaint also seeks to compel the production of OFCCP communications pertaining to Vinnell Arabia, and the award of costs. *Id.* The agency moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b).

## STANDARD OF REVIEW

OFCCP moves to dismiss the complaint on the ground that enforcement decisions are committed to agency discretion by law and are therefore immune from judicial review. *See* 5 U.S.C. § 701(a)(2). OFCCP styles this defense as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). However, because the Court is mindful of this Circuit's teaching that dismissal based on commitment

to agency discretion must occur "under Rule 12(b)(6), not under the jurisdictional provision of Rule 12(b)(1)," *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011), the Court will evaluate whether dismissal is "proper based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Under Rule 12(b)(6) the Court must ascertain whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because this action is brought by a *pro se* plaintiff, the Court has an obligation to construe his "filings liberally, and to consider his filings as a whole before dismissing [the] complaint." *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014). Nevertheless, the case must be dismissed "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## ANALYSIS

### I. Carroll's Enforcement Claim

Executive Order 11246, as amended, does not provide for judicial review of agency decisions. If review is available, then, it is only through the APA. Although the APA generally "favor[s] judicial review of administrative action," *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1651 (2015), it excludes from review action that is "committed to agency discretion by law," 5 U.S.C. § 701(a)(2). In *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), the Supreme Court held that "[r]efusals to take enforcement steps" are discretionary and

therefore presumptively unreviewable. That presumption is not absolute, however, and "may be rebutted where the substantive [law] has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.* at 832–33. To determine whether an action is reviewable, a court must "'consider both the nature of the administrative action at issue and the language and structure of the [law] that supplies the applicable legal standards for reviewing that action.'" *Sierra Club*, 648 F.3d at 855 (quoting *Sec'y of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C. Cir. 2006)).

OFCCP invokes *Chaney* to argue that its decision not to sanction, or to issue a show cause notice to Vinnell Arabia, is discretionary and therefore unreviewable. Carroll concedes that enforcement discretion is generally unreviewable, but contends that the sanctions process is not an enforcement action and thus does not fall within the *Chaney* presumption. According to Carroll, "[s]anctions – and the decision whether to begin the sanctions process with a show cause notice – are not quite the same as enforcement proceedings" and do not involve "enforcement action per se." Pl.'s Mem. of P. & A. Addressing Def.'s Mot. to Dismiss Pl.'s Compl. 20 ("Pl.'s Mem.") [Dkt. #9]. Unfortunately, Carroll is mistaken. Department of Labor regulations provide that OFCCP may only "impose . . . sanctions" for violations of the Executive Order through "institution of administrative enforcement proceedings." 41 C.F.R. § 60–1.26(b). In other words, a sanctions proceeding *is* an enforcement proceeding. Thus, when OFCCP declines to initiate a sanctions proceeding, it declines to take "enforcement steps." *Chaney*, 470 U.S. at 831; *Cf. Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002) (holding agency decision to dismiss employment complaint "without a hearing was equivalent to a decision not to

commence an enforcement action"). That act of prosecutorial discretion is presumptively unreviewable.

To determine whether the presumption against judicial review is dispositive in this case, the Court must examine "the language and structure" of the regulatory scheme. *Sierra Club*, 648 F.3d at 855. After reviewing Executive Order 11246 and its implementing regulations, the Court concludes that neither provides "guidelines for [OFCCP] to follow in exercising its enforcement powers." *Chaney*, 470 U.S. at 833. The Order instructs the Secretary of Labor to "adopt such rules and regulations and issue such orders as he deems necessary and appropriate." 30 Fed. Reg. 12319. The regulations adopted pursuant to this authorization provide that OFCCP "may" issue a notice to show cause when OFCCP believes that a federal contractor has violated the Executive Order, 41 C.F.R. § 60–1.28, and "may" refer the matter for enforcement if the contractor's response to the notice is unsatisfactory, *id.* § 60–1.26(b)(1). In addition to using this permissive language, neither the Order nor the implementing regulations "list factors for the agency to use in reaching its determination." *Gibson v. L.K. Comstock, Inc.*, 900 F.2d 259, *2 (6th Cir. 1990) (unpublished); *see also Clementson v. Brock*, 806 F.2d 1402, 1404 (9th Cir. 1986) (Kennedy, J.).

Carroll contends that in this context "may" is not permissive but imposes a mandatory duty on the agency. He asserts that the regulations employ "may" where they mean "shall" because "'[m]ay' is essentially synonymous with 'shall' but appears more discreet, not as officious." Pl.'s Mem. 15. He explains that "when the regulations were drafted" everyone assumed "OFCCP had a well-defined job and would conscientiously do

7

it" without "devis[ing] pretexts to . . . shirk its responsibility" and thus that "no need was discerned to magisterially resort to imperatives." *Id.* Needless to say, courts have been much less cavalier than Carroll about conflating "may" and "shall." *See, e.g., Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."); *Sierra Club*, 648 F.3d at 856 ("[W]hen a statute 'uses both "may" and "shall," the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory.'" (quoting *Oljato Chapter of the Navajo Tribe v. Train*, 515 F.2d 654, 662 (D.C. Cir. 1975)). Carroll's theory that the regulation's drafters used "may" to mean "shall" in order to avoid appearing "officious" or "magisterial" is unpersuasive.

Carroll also seeks to locate a non-discretionary enforcement duty in the prefatory language of the regulations, which among other things provides that the "[f]ailure of a contractor or applicant to comply with any provision of the regulations in this part shall be grounds for the imposition of any or all of the sanctions authorized by the order." 41 C.F.R. § 60–1.1. Carroll believes that the phrase "shall be grounds" obligates OFCCP to issue a show cause notice in response to the EEOC Determination. Compl. ¶¶ 54–56; Pl.'s Mem. 12–13. But this language simply puts federal contractors on notice that their discriminatory conduct is punishable. The Court finds that this "use of the mandatory 'shall'" in prefatory language that does not purport to instruct the agency "is not sufficient to provide legal standards for judicial review." *Sierra Club*, 648 F.3d at 856; *see also Twentymile Coal*, 456 F.3d at 157–58.

In sum, the enforcement scheme established by Executive Order 11246 and its implementing regulations is "fraught with discretion." *Welch v. Donovan*, 551 F. Supp. 809, 811 (D.D.C. 1982) (dismissing claim seeking to compel OFCCP enforcement of Executive Order 11246). Because the APA excludes from judicial review actions committed to agency discretion by law, 5 U.S.C. § 701(a)(2), the Court must dismiss Carroll's enforcement claim pursuant to Rule 12(b)(6).

## II. Carroll's Remaining Claims

In addition to seeking enforcement, Carroll "also prays OFCCP be ordered to promptly and fully disclose all communications, including notes of such, it has had with Vinnell Arabia, with Northrop Grumman, internally within the DOL, and with the EEOC pertaining to Vinnell Arabia." Compl. ¶ 66. To the extent this lone statement can be construed liberally as a request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, it fails to state a claim upon which relief can be granted. To obtain records from OFCCP, Carroll must first file a FOIA request with the agency, and then exhaust any administrative appeals. *See, e.g., Hidalgo v. FBI*, 344 F.3d 1256, 1259–60 (D.C. Cir. 2003) (remanding with instructions to dismiss complaint under Rule 12(b)(6) for failure to exhaust administrative remedies). Because Carroll cannot seek judicial redress in this Court before exhausting his administrative remedies, the claim must be dismissed.

Finally, Carroll asks this Court to direct OFCCP "to immediately recompense Carroll for his costs associated with this lawsuit." Compl. ¶ 66. Although Congress has provided for recovery of costs following an APA action in some circumstances, *see* 28

U.S.C. § 2412, as a prerequisite for relief a litigant must show that he was the "prevailing party" in the relevant action, *see, e.g., In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 634 (D.C. Cir. 2014). Because Carroll cannot make such a showing at this stage in the litigation, he is not entitled to costs.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint. An Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE